UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO A. NOTO, et al.,

Petitioners,

-v.-

MUSSABEH AL MUHAIRI,

Respondent.

23 Civ. 11102 (JHR) (VF)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On December 21, 2023, Petitioners Lucio A. Noto, Midstream Holdings, LLC, and Poten International Ltd. (collectively, "Petitioners") commenced this action against Respondent Mussabeh Al Muhairi ("Respondent") to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Valerie Figueredo, dated May 13, 2026, recommending that the Court confirm the award. ECF No. 36. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Figueredo's recommendation.

**BACKGROUND**[1]

Petitioners filed their petition to confirm arbitration award on December 21, 2023. ECF No. 1. Petitioners filed a declaration, a memorandum of law, and a proposed order in support. ECF Nos. 8-10.

As of March 28, 2024, "[t]he docket d[id] not reflect that service was ever effected on Respondent." ECF No. 15. On May 21, 2024, Petitioners filed an affidavit of service noting that Respondent was served on April 22, 2024, making his answer due May 13, 2024. ECF No. 17;

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 36.

*see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). No response was filed.

On July 14, 2025, the Court ordered Petitioners to show cause why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 21. Petitioners filed their response on July 28, 2025, ECF No. 24, and on August 29, 2025, the Court determined that the Court's order to show cause concerning subject matter jurisdiction was satisfied, ECF No. 31.

On August 27, 2025, Petitioners re-filed their petition to confirm arbitration award as a motion for summary judgment. ECF No. 25. They filed a memorandum of law, a Rule 56.1 Statement, and declarations in support. ECF Nos. 26-29. The Court referred the case to Judge Figueredo for general pretrial management and for a report and recommendation on the motion for summary judgment. ECF No. 34.

On May 13, 2026, Judge Figueredo issued a seventeen-page Report and Recommendation recommending that Petitioners' motion for summary judgment be granted and that the Court issue an order confirming the arbitration award. ECF No. 36 at 17. Judge Figueredo further recommended that Petitioners "be awarded $48,105.16 in attorneys' fees and $542.01 in costs, as well as pre-judgment interest at a rate of 16% per annum from October 24, 2023, to the date of judgment in this case." *Id.* The Report and Recommendation alerted the parties that they had "fourteen (14) days (including weekends and holidays) from service of th[e] Report and Recommendation to file any objections." *Id.* The Report and Recommendation also cautioned that, "[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to th[e] Report and Recommendation on appeal." *Id.* No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 3363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that "[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to th[e] Report and Recommendation on appeal," ECF No. 36 at 17, no party filed any objections to the Report and Recommendation. Thus, the parties have waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and

Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

**CONCLUSION**

Accordingly, the Court adopts the Report and Recommendation in its entirety. The Clerk of Court is directed to enter judgment in favor of Petitioners consisting of (i) the arbitration award of $25,292,624.96, plus pre-judgment interest calculated at 16% per annum from October 24, 2023, through the entry of judgment; (ii) $48,105.16 in attorneys' fees; and (iii) $542.01 in costs related to bringing this action.

The Clerk of Court is directed to terminate ECF No. 17 and close the case.

SO ORDERED.

Dated: July 29, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge